REQUESTED BY: Dear Senator:
You have made inquiry about L.B. 441 of the Eighty-fifth Legislature, First Session (1977). As you know, that legislative bill, if enacted into operative law, would repeal Neb.Rev.Stat. § 79-1705 (Supp. 1976). In connection therewith, you have asked five questions, each of which is hereinafter stated and discussed.
 I. "Would the repeal of 79-1705 eliminate the power of county superintendents, superintendents of the schools and designees of the Commissioner of Education or the School Board of Education to inspect private, denominational, and parochial schools to assess compliance with the provisions of 79-1701 to 79-1707 and the applicable general school laws of the State?"
It would eliminate the county superintendents. It would also eliminate the superintendents of public school districts and designees of local boards of education to assess compliance with the provisions of Neb.Rev.Stat. 79-1701
to § 79-1707 (Reissue 1971). Pursuant to the `applicable general school laws of the State' it might be necessary for the secretary of the school district or some person appointed by the governing board of the school district to inspect private, denominational and parochial schools located therein for the purpose of taking the school census. See, Neb.Rev.Stat. §§ 43-646 and 43-646.01 (Supp. 1976); Neb.Rev.Stat. § 77-1406 (Reissue 1971); Neb.Rev.Stat. § 79-451 (Reissue 1971); Neb.Rev.Stat. § 79-458 (Supp. 1976); and Neb.Rev.Stat. § 79-1006 (Reissue 1971). It would not eliminate designees of the Commissioner of Education pursuant to the `applicable general school laws of the State.' See, Neb.Rev.Stat. § 79-328 (Supp. 1976).
 II. "If repeal of 79-1705 affects such power to inspect private, denominational, and parochial schools for compliance with the provisions of 79-1701 to 79-1707, what power to inspect would remain and in what person, persons, body or bodies would it lie?"
See answer to question I above.
 III. "Would the repeal of 79-1705 and its inspection provisions have the effect of eliminating the power to enforce the provisions of 79-1701 to 1707?"
In legal theory, no. In actual practice, however, there would be no governmental officer or agency with either the duty or the authority to inspect the private, denominational, or parochial schools and thereby enforce the provisions of Neb.Rev.Stat. §§ 79-1701 to 79-1707 (Reissue 1971), as amended. Consequently the repeal of Neb.Rev.Stat. § 79-1705 (Supp. 1976) would at the very least minimize the enforcement of the statutes cited.
 IV. "Would the repeal of 79-1705 have the effect of placing private, denominational, and parochial schools beyond the enforcement of applicable general school laws of the state?"
Our response to the questions stated above are obviously also applicable here. In addition were call your attention to Neb.Rev.Stat. § 79-328(5)(c) (Supp. 1976) which grants the State Board of Education the power and duty to establish rules and regulations for `approving' schools and for `the continued legal operation of all schools.' The State Board of Education has adopted administrative rules pursuant thereto and staff members of the State Department of Education can and do inspect private, denominational, and parochial schools to assess compliance with said administrative rules.
 V. "Should LB 443 be enacted, would the repeal of 79-1705 eliminate the State Department of Education's power to inspect non-public programs for the education of the handicapped to determine whether such programs warranted approval or continued to meet the standards for approval established by the State Department of Education?"
No. This is covered by State Board of Education Rule 14-(11) and 14-(47).